**In re LEPPE.**

No. 6824.

District Court, M. D. Pennsylvania.

June 12, 1931.

Keith & Sheely, of Gettysburg, Pa., for trustee.

Robert E. Wible and Eugene V. Bulleit, both of Gettysburg, Pa., for claimant.

JOHNSON, District Judge.

On June 24, 1930, Bish Brothers filed their petition to reclaim from the trustee in bankruptcy seven acres of growing wheat which Clinton W. Leppe, more than four months prior to his bankruptcy, sold to Bish Brothers by a written agreement of sale for a valuable consideration. The referee in bankruptcy refused the petition, and this is a proceeding to review his order.

The question for decision is whether the sale of growing wheat for a valuable consideration, by a person who later becomes a bankrupt, more than four months prior to the filing of the petition in bankruptcy, but without delivery or other notorious act of ownership, constitutes a valid sale against the trustee.

The referee granted a rule on the trustee to show cause why the growing grain should not be surrendered to the petitioners. On October 27, 1930, after hearing, the referee held that no open or notorious act was done by the petitioners to indicate ownership of the growing grain, although the transfer may have been binding between the parties, the attempted sale of the growing grain, without a delivery of possession, was fraudulent as to the creditors of the bankrupt, and the referee discharged the rule.

The petition in bankruptcy was not filed until June 18, 1930, more than four months after the date of the written agreement of sale which was, therefore, not fraudulent under section 67e of the Bankruptcy Act (11 USCA § 107(e).

The trustee in bankruptcy under section 47a (2) of the Bankruptcy Act (11 USCA § 75 (a) (2), is vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings on the property of the bankrupt, and also as to all property not in the custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied.

■ The specific question for decision, therefore, is whether the mere execution of the written agreement of sale constitutes such a constructive delivery of the possession of the growing grain as to pass the title to Bish Brothers against the creditors of the bankrupt. The referee relied upon the case of Welsh v. Bekey, 1 Pen. & W. 57. In that case there was an attempt to mortgage one-half of forty-eight acres of wheat and rye in the ground, but there was not any open, notorious act done by the purchaser of the growing grain, and Chief Justice Gibson held that the sale of the growing grain was fraudulent as to the creditors.

■ The Pennsylvania decisions have established the rule that a transfer of possession in the sale of personal property, either actual or constructive, must take place so as to give notice to the public in order to transfer title to the purchaser as against innocent purchasers or creditors for value. Clow v. Woods, 5 Serg. & R. 275, 9 Am. Dec. 346; Welsh v. Bekey, 1 Pen. & W. 57; Shipler v. New Castle Paper Products Co., 293 Pa. 412, 143 A. 182.

In the present case, nothing was done to give notice of the transfer of the grain and, therefore, the transfer is void against the trustee who represents the creditors of the bankrupt. Some record or publication of the agreement of sale should have been made or act of possession taken, such as posting notice. The order of the referee must be sustained.

And now, June 12, 1931, the order of the referee sustaining the right of the trustee to the grain in question is sustained, and the petition for review of the referee's order is dismissed.